IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM N. LUCY, #204880, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-742-RAH-CSC |
| | ) | |
| SECURUS TECHNOLOGIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.     INTRODUCTION

Plaintiff, an inmate incarcerated at the Fountain Correctional Facility in Atmore, Alabama, filed this hand-written Complaint which has been docketed under 42 U.S.C. § 1983. He names as defendants Securus Technologies, Inc., the Chairman of the Board of Directors of Securus, the President of Securus, the Chief Executive Officer of Securus, and Captain K. Albritton in her official and individual capacities. Plaintiff's Complaint concerns a dispute over charges deducted from his PMOD ("Prisoner Money on Deposit") account for a communications device sold to him and maintained by Securus Technologies which Plaintiff alleges has not worked for the past four months. Doc. 1. For relief, Plaintiff requests trial by jury and $500,000 each in punitive and compensatory damages. *Id.* at 3.

Upon review, the Court finds this case should be transferred to the United States

District Court for the Southern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

## II.   DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses,  in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought ..."  28 U.S.C. § 1404(a).

The actions described in Plaintiff's Complaint occurred or are occurring at the Fountain Correctional Facility which is in the Southern District of Alabama. Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), the proper venue for

---

[1] On filing the Complaint Plaintiff filed a motion in support of a request for leave to proceed in forma pauperis. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Southern District of Alabama.

this action is the Southern District of Alabama, and it is due to be transferred under 28 U.S.C. § 1404(a).[2]

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

Further, it is ORDERED that by **January 23, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[2]In transferring this case, the Court makes no determination with respect to the merits of the claims presented in the Complaint.

Done, this 9th day of January 2024.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE